ROESSLER-HASSLACHER CHEMICAL CO. v. DOYLE.

(Circuit Court of Appeals, Third Circuit. December 18, 1905.)

No. 23.

1. NUISANCE—ACTION FOR DAMAGES—DECLARATION.

A declaration in an action to recover damages for the maintenance of a nuisance is sufficient, where it does not allege the nuisance to be a public one and avers special and peculiar injury resulting therefrom to plaintiff by reason of its proximity to his dwelling.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Nuisance, § 187.]

2. WITNESSES—COMPETENCY OF CONTRADICTORY EVIDENCE.

A deed is not competent evidence to contradict the testimony of a witness that he purchased the property conveyed some years prior to its date, being entirely consistent with an earlier purchase.

3. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY.

The fact that a judgment is recovered for less than $2,000 does not affect the jurisdiction acquired by a federal court by a removal of the cause, where the amount claimed, apparently in good faith, exceeded such sum.

[Ed. Note.—Jurisdiction of federal courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

In Error to the Circuit Court of the United States for the District of New Jersey.

Willard P. Voorhees, for plaintiff in error.

Joseph E. Stricker, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This was an action to recover damages for injuries sustained by the plaintiff from an alleged nuisance maintained by the defendant company (the plaintiff in error), consisting, as charged in the declaration, of noisome, noxious, and offensive vapors, fumes, and stenches, which originated in and issued from the defendant's chemical works, and which spread to and entered into the dwelling house and premises of the plaintiff, and of annoying explosions occurring in the defendant's works. The jury rendered a verdict in favor of the plaintiff for $750, and judgment therefor having been entered, the defendant brought this writ of error. In disposing of the case we will consider the assignments of error insisted on in the order in which they were presented to us.

1. The first and second assignments are based upon the supposed insufficiency of the declaration. It is perhaps a sufficient answer to these specifications that there was no demurrer to the declaration, and the case was tried upon the plea of not guilty. But without insisting upon that view, let us see whether these assignments have any substantial merit. We agree that an individual cannot maintain an action for a public nuisance without averring and showing some special damage to himself. The declaration here, however, does not allege or show that the nuisance complained of is a public nuisance, or that

it is injurious to any one other than the plaintiff himself. Moreover, the declaration avers direct and particular damage to the plaintiff. After describing the defendant's acts and practices complained of, the declaration avers that thereby the plaintiff has been and is greatly annoyed and incommoded in the use, occupation, and enjoyment of his dwelling house, and that the same has been rendered uncomfortable, unhealthy, and unfit for habitation. Even if the described nuisance were conceded to be a public one, the declaration, we think, avers special and peculiar damage to the plaintiff sufficient to sustain his action.

2. The third assignment of error is to the rejection of an offer by the defendant of a deed to the plaintiff for a lot of ground adjoining the lot upon which he resided. This deed bears date and was acknowledged June 20, 1902, and was recorded June 23, 1902. The purpose of this offer was to contradict the plaintiff who had testified that he had bought that lot a little while after he moved into his dwelling house (which was in 1898), and not in 1902. We do not see that any error was committed in rejecting the offer. The making and delivery of a deed for the lot of ground in 1902 was quite consistent with an earlier purchase of it, and hence the deed did not contradict the testimony of the plaintiff that he had bought the lot at the time he named.

3. The fifth assignment of error is to the refusal of the court to direct a verdict for the defendant. In overruling the request for such instruction the learned judge said:

"I think there is evidence in the case sufficient to require me to submit the case to the jury."

Herein it seems to us the judge was clearly right. There certainly was evidence tending to support the material averments of the declaration and to show that the plaintiff had sustained a peculiar private injury and special damage by reason of the matters complained of. The general instructions of the court to the jury were very full and as favorable to the defendant company as could have been asked. Among other things, the court said to the jury:

"In order to prove to you that there is a private nuisance here maintained by the defendant, plaintiff must have satisfied you that he has sustained a special injury, an injury that is peculiar to himself, which the citizens generally in that neighborhood and locality do not in common sustain."

The final position of the plaintiff in error is that "the case was improperly removed and hence the Circuit Court never gained jurisdiction." This position is wholly untenable. Conceding that a party who has removed a cause from a state court can afterwards ask to have it remanded on jurisdictional ground; this was not done here. The question of jurisdiction is raised for the first time in this court. Assuming that the question can be raised on this writ of error, we have no hesitation in saying that nothing is shown to us to impeach the jurisdiction of the Circuit Court. The mere fact that the verdict was only for $750 is quite immaterial. The damages claimed in the declaration were in excess of the jurisdictional amount,

and nothing whatever appears to suggest want of good faith on the part of the plaintiff in making his claim. It was for the jury to assess the damages, and the verdict might have been for more than $2,000.

Finding no error in this record, the judgment is affirmed.